FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK JOHN CROWDER,<br><br>Petitioner,<br><br>v.<br><br>JAMES KEY,<br><br>Respondent. | No. 4:20-cv-05087-SMJ<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER** |

Before the Court is an application for a writ of habeas corpus under 28 U.S.C. § 2254 by Mark John Crowder, a person in custody pursuant to a conviction adjudicated in Washington State court. *See generally* ECF No. 1. In 2014, a Benton County jury convicted Crowder of first degree rape. ECF No. 5-1, Ex. 1. The Benton County Superior Court afterward sentenced him to a term of confinement totaling 360 months to life. *Id*. Crowder has since exhausted his state court remedies, and timely petitioned this Court. ECF No. 4 at 3–5.

Crowder presents two grounds for federal habeas relief: (1) ineffective assistance of counsel and (2) prosecutorial misconduct. ECF No. 1 at 5–15. He also asks this Court to conduct an evidentiary hearing. ECF Nos. 1, 6. Having reviewed the briefing, relevant legal authorities, and record in this matter, this Court

concludes Crowder's claims fail to satisfy 28 U.S.C. § 2254(d). It thus denies his application for a writ of habeas corpus and request for an evidentiary hearing.

## BACKGROUND

The Washington Court of Appeals summarized the relevant facts in its decision on Crowder's Personal Restraint Petition (PRP):[1]

> Two juvenile males, S.I. and Z.H., met Mr. Crowder while out walking on a July night. Mr. Crowder initially invited the two males to join him in setting off some fireworks. They then attended a nearby bonfire, where they drank vodka shots.
> Z.H. suggested inviting 14-year-old I.D. to join the group. After exchanging text messages, I.D. agreed to come out. She snuck out of her house through a window and Mr. Crowder picked her up in his Jeep. I.D. had never met Mr. Crowder before.
> Back at the bonfire, S.I. fell asleep and Z.H. passed out. I.D. was starting to get tired when Mr. Crowder came up behind her, pulled her head back, and tried to pour vodka down her throat. Angered, I.D. got up and started to head home. As she walked by the Jeep, Mr. Crowder grabbed I.D. and turned her around. I.D. told Mr. Crowder to let her go. He did not. Mr. Crowder removed a gun from his pocket and ordered I.D. to undress and get into the back of his Jeep. He held the gun up against I.D.'s head and pulled back the trigger. At this point, I.D. complied with Mr. Crowder's demands.
> Once inside the Jeep, Mr. Crowder raped I.D. The assault lasted approximately an hour. Eventually I.D. was able to get up, clothe herself, and run home. She snuck back in through the window and disclosed the rape several days later. At this point, the police began an investigation.
> I.D. identified Mr. Crowder from a live lineup after identifying his residence and his Jeep. Five days after the assault, law enforcement executed a search warrant at Mr. Crowder's house. During the search, police found several firearms, including a revolver. I.D. identified it as

---

[1] The Washington Court of Appeals provided a similar summary of the relevant facts on direct appeal. *See generally State v. Crowder*, 385 P.3d 275, 277–78 (Wash. Ct. App. 2016).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 2

the same gun used by Mr. Crowder. The gun was never test fired.

The State charged Mr. Crowder with rape in the first degree with a firearm enhancement and a special allegation that the victim was under the age of 15, or in the alternative, rape of a child in the third degree, as well as with two counts of distribution of a controlled substance to a person under the age of 18.

At trial, Mr. Crowder's counsel attacked I.D.'s credibility on cross-examination by asking why she delayed in reporting the rape and pointing out inconsistencies between her trial testimony and earlier statements, including whether S.I. and/or Z.H. were in Mr. Crowder's Jeep when he picked I.D. up, how much vodka Mr. Crowder poured in I.D.'s mouth, and the respective positions of I.D. and Mr. Crowder during the rape. The defense theory was that although Mr. Crowder was with I.D. and the two boys on the night in question, he never raped I.D.

The jury convicted Mr. Crowder of the offenses against him as charged. He received a sentence of 360 months to life. On appeal, this court affirmed Mr. Crowder's rape conviction in full but reversed his convictions for distribution of controlled substances. The Washington Supreme Court denied petitions for review filed by Mr. Crowder and the State, and the mandate issued on May 10, 2017. An order dismissing the distribution charges was entered by the trial court on July 27, 2017. Mr. Crowder filed this timely personal restraint petition on May 10, 2018.

ECF No. 5-1, Ex. 2 (containing *In re Pers. Restraint of Crowder*, 9 Wash. App. 2d 1083 (2019) (unpublished)). The Washington Court of Appeals denied his PRP, determining Crowder failed to (1) show actual and substantial prejudice resulting from the alleged constitutional errors and (2) raise a material fact issue requiring a reference hearing.[2] *See generally id.* Crowder sought discretionary review in the

---

[2] Under Washington law, appellate courts "have three available options when reviewing a personal restraint petition: (1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." *In re Pers. Restraint of Yates*, 296 P.3d 872, 880 (Wash. 2013); *see also* RAP 16.11(b), 16.12. "Dismissal is necessary

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 3

Washington Supreme Court, but the Commissioner determined Crowder's petition did not merit review under the relevant Rules of Appellate Procedure (RAP). *See* ECF No. 5-1, Ex. 23. The RAPs narrow the Washington Supreme Court's discretionary review of a decision terminating review to only cases satisfying particular criteria. *See generally* RAP 13.4(b). Crowder moved to modify the Commissioner's Ruling Denying Review, but a panel composed of five Justices summarily denied Crowder's motion. ECF No. 5-1, Ex. 24.

Crowder then timely applied for a writ of habeas corpus in this Court. ECF No. 1; ECF No. 4 at 5.

**JURISDICTION**

"A district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A jury convicted Crowder of first degree rape, and the state superior court sentenced him to a term of confinement totaling 360 months to life. ECF No. 5-1, Ex. 1. Crowder is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. Crowder claims that

---

where a petitioner fails to make a prima facie showing of actual prejudice for alleged constitutional errors." *Id*. "A [reference or evidentiary] hearing is appropriate where the petitioner makes the required prima facie showing 'but the merits of the contentions cannot be determined solely on the record.'" *Id*. at 880–81 (quoting *In re Pers. Restraint of Hews*, 660 P.2d 263, 268 (Wash. 1983)).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 4

he suffered violations of his rights under the United States Constitution and the conviction challenged stems from a state court in the Eastern District of Washington. ECF No. 1 at 5–15; ECF No. 5-1, Ex. 1. For these reasons, this Court has jurisdiction to entertain Crowder's application for a writ of habeas corpus.

## STANDARD OF REVIEW

This Court considers Crowder's application for a writ of habeas corpus under the standards in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and applies a "'highly deferential standard for evaluating state-court rulings.'" *See Balbuena v. Sullivan*, 980 F.3d 619, 628 (9th Cir. 2020) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)); 28 U.S.C. §§ 2244(b), 2254(d).

Under AEDPA, federal courts may grant habeas corpus relief only when the state court's ruling was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A state court decision is "'contrary to' clearly established federal law if it contradicts governing law in Supreme Court cases, or if it reaches a different result than Supreme Court precedent when considering materially indistinguishable

facts." *Balbuena*, 980 F.3d at 628. A state court decision constitutes "an unreasonable application of clearly established federal law if it identifies the correct governing legal rule but applies it unreasonably to the facts of the case." *Id.* (internal quotation marks and citation omitted). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable." *Id.* (internal quotation marks and citation omitted); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The applicant bears the burden of establishing that the state court's decision is either "contrary to," or an "unreasonable application" of, United States Supreme Court precedent. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

Federal courts must presume correct a state court's determination of a factual issue. 28 U.S.C. § 2254(e)(1). "Under § 2254(d)(2), a state court's factual determinations are not 'unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Balbuena*, 980

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 6

F.3d at 628–29 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). Even if "[r]easonable minds reviewing the record might disagree" about a factual finding, that is not enough to supplant the state court's finding. *Id*. at 629 (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When applying these standards to an applicant's claims, courts must consider the last reasoned state court decision. *Id.* (citing *Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018)). That said, when reviewing their claims under Section 2254(d), courts may "look through" a state court of last resort's summary denial of a petition for discretionary review. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Brumfield v. Cain*, 576 U.S. 305, 313 (2015) (citing *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013) and *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991)).

**DISCUSSION**

To begin with, Crowder claims this Court should not "look through" the Washington Supreme Court's summary denial of his petition for discretionary review to the last reasoned decision terminating review—that is, the Washington Court of Appeals opinion denying his PRP. ECF No. 6 at 4–8. This Court disagrees.

When a state court of last resort denies a request for discretionary review, a "federal court should 'look through' the unexplained decision to the last related

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 7

state-court decision that does provide a relevant rationale." *Wilson*, 138 S. Ct. at 1192. Courts "should then presume that the unexplained decision adopted the same reasoning." *Id*. That said, "the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id*.

The Washington Supreme Court Commissioner's Ruling Denying Review does not constitute a final reasoned decision on the merits. The ruling simply outlines the Commissioner's reasoning on why Crowder's petition did not satisfy the criteria for acceptance of review by the Supreme Court under the RAPs. *See* ECF No. 5-1, Ex. 23; *see also* RAP 13.4(b) (governing Discretionary Review of Decision Terminating Review). When presented with Crowder's motion to modify the Commissioner's Ruling Denying Review, a department of the Washington Supreme Court summarily denied his motion. *See* ECF No. 5-1, Ex. 24.

So, consistent with United States Supreme Court precedent, this Court will "look through" the Washington Supreme Court's summary denial of Crowder's petition for discretionary review and examine the Washington Court of Appeal's opinion denying his PRP, the last reasoned state-court decision on the merits terminating review of his ineffective assistance of counsel and prosecutorial

misconduct claims. *See Wilson*, 138 S. Ct. at 1192.

## A.   Ineffective Assistance of Counsel

Crowder first claims he was denied his federal constitutional right to effective assistance of counsel when counsel failed to investigate and call reputation witnesses. ECF No. 1 at 5–14. This Court disagrees.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the governing standard for courts addressing ineffective assistance claims. To prevail on such a claim, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, *superseded on other grounds by* Antiterrorism and Effective Death Penalty Act of 1966, Pub. L. No. 104-132, 110 Stat. 124.

But when reviewing a habeas petition, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was *unreasonable*." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (emphasis added). The Supreme Court has clarified that this inquiry is "different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id*. Reviewing federal courts must grant state courts "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

"Under § 2254(d), a habeas court must determine what arguments or theories

supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 102. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

In his PRP, Crowder claimed that his attorney failed to interview or present any reputation witnesses, despite being told about these potential witnesses. ECF No. 5-1, Ex. 2. Crowder submitted declarations from fifteen individuals (all family members) who were willing to testify as to his sexual propriety. *Id*. He argued that failing to investigate reputation evidence in a rape case constitutes ineffective assistance of counsel. *Id*. He also claimed a reference hearing was necessary to determine whether counsel's decision not to pursue the potential reputation evidence was strategic. *Id*.

The Washington Court of Appeals determined there was no need for a reference hearing to determine whether trial counsel was informed about these witnesses or whether counsel's inaction was strategic, as Crowder failed to show

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BY A STATE PRISONER – 10

that the evidence was admissible or that it would have likely created a different trial outcome if admitted. *Id*. The declarations provided by Crowder's family members, it held, were inadmissible under the relevant Washington Rules of Evidence. *Id*. Even assuming a trial court might admit the reputation evidence, the court determined Crowder failed to show how this reputation evidence, offered exclusively from his family members, would likely have changed the jury's verdict. *Id*.

A state court's interpretation of state law—here, the Washington State Rules of Evidence—binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). "*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harrington*, 562 U.S. at 110. Because the evidence was inadmissible under state law, counsel's decision not to offer the evidence was neither deficient nor prejudicial. Moreover, because a state trial court should have excluded the evidence under the relevant evidentiary rules, there is no reasonable probability that the evidence could have affected the jury's verdict.

This Court thus concludes the state court's application of the *Strickland* standard was *not* unreasonable. *See Harrington*, 562 U.S. at 101. Fairminded jurists could disagree about the admissibility of the evidence and, even assuming the evidence's admissibility, jurists could also disagree about whether the reputation

evidence, offered exclusively from his family members, would likely have changed the jury's verdict. *See id*. at 101–102.

The Washington Court of Appeals decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). For these reasons, Crowder is not entitled to habeas relief under AEDPA on his ineffective assistance of counsel claim.

**B.     Prosecutorial Misconduct**

Crowder next claims the prosecutor's conduct during trial denied him his federal constitutional right to due process and a fair trial. ECF No. 1 at 14–19. Again, this Court disagrees.

"[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id*. "Moreover, a state court

need not fear reaching the merits of a federal claim in an *alternative* holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). The procedural bar still applies despite a state court's decision reaching the merits of a federal claim if the state court also invoked an independent state procedural rule as a separate basis for its decision. *Id*. That said, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10.

Crowder claims that the prosecutor engaged in blatant theatrics, which denied him a fair trial. ECF No. 1 at 14. He supported the claims in his PRP with two declarations—one from his wife and one from his attorney, both of which accused the prosecutor of making faces and gesticulations expressing her disdain for Crowder. ECF No. 5-1, Ex. 2 at 11. The State rebutted their declarations with a declaration from Detective Scott Runge, who sat with the prosecutor during the trial. *Id*. at 12. He declared she did not engage in the alleged conduct. *Id*.

In either event, the Washington Court of Appeals held that Crowder waived his prosecutorial misconduct claim by failing to object at trial. *Id*. at 10, 12 ("A defendant who fails to object to the State's improper act at trial waives any error, unless the act was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice.") (citing *State v. Thorgerson*, 172 Wn.2d 438, 443, 258 P.3d 43 (2011)). It then addressed the merits, determining that he failed to show

1  that the alleged conduct was so flagrant and ill-intentioned that a curative
2  instruction could not have obviated the resulting prejudice. *Id*.

3  Waiver of his claims by failing to object at trial serves as an independent state
4  ground barring federal habeas review. *Beard*, 558 U.S. at 60. And Crowder has
5  shown neither cause for the default nor prejudice. *See Martinez*, 566 U.S. at 10.
6  Counsel deliberately opted not to object to any of the prosecutor's alleged conduct
7  at trial. And his declaration describing the prosecutor's alleged conduct conveys
8  that he observed the alleged conduct yet failed to do anything about it.

9  The Washington Court of Appeals decision was neither contrary to, nor an
10 unreasonable application of, clearly established Supreme Court precedent. *See* 28
11 U.S.C. § 2254(d)(1). Nor was it based on an unreasonable determination of the
12 facts. *See* 28 U.S.C. § 2254(d)(2). For these reasons, Crowder is not entitled to
13 habeas relief under AEDPA on his prosecutorial misconduct claim.

14 **C.    Request for Evidentiary Hearing**

15 Crowder argues the Washington Court of Appeals unreasonably denied his
16 request for a reference hearing and asks this Court to conduct such a hearing. But
17 because Crowder has not overcome the stringent limitations of Section 2254(d), this
18 Court denies his request for an evidentiary hearing.

19 "In deciding whether to grant an evidentiary hearing, a federal court must
20 consider whether such a hearing could enable an applicant to prove the petition's

factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. Still, "AEDPA bars most evidentiary hearings if the applicant 'failed' to develop the factual basis for the claim in state court." *Kemp v. Ryan*, 638 F.3d 1245, 1258 (9th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1)). In this context, "'fail' connotes some omission, fault, or negligence on the part of the person who has failed to do something." *Williams v. Taylor*, 529 U.S. 420, 431 (2000). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

Crowder sought a reference hearing as required by state law, but the Washington Court of Appeals denied his request because he failed to show that the reputation evidence was admissible or that it would have likely created a different trial outcome if it had been admitted. *See* ECF No. 5-1, Ex. 2.

In *Cullen*, the United States Supreme Court held "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." 563 U.S. at 185. The Court reaffirmed that a district court must consider the deferential standards in Section 2254 when deciding whether to hold an evidentiary hearing.

*Id.* at 183 (quoting *Schriro*, 550 U.S. at 474). "In practical effect, . . . this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Id.* (quoting *Schriro*, 550 U.S. at 474). Here, the state-court record precludes habeas relief under Section 2254(d), and so this Court declines to grant Crowder's request for an evidentiary hearing.

D.   **Certificate of Appealability**

Rule 11(a) of the Federal Rules Governing Section 2254 and 2255 Proceedings require this Court to issue or deny a certificate of appealability when it issues its final order. A certificate of appealability should issue if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A certificate of appealability is appropriate, for example, when reasonable jurists could debate whether the petition should have been resolved differently. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Although this Court concludes Crowder has failed to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, reasonable jurists could debate the merits of his ineffective assistance of counsel and prosecutorial misconduct claims. Thus, a certificate of appealability will issue.

//

## CONCLUSION

The Washington State Court of Appeals committed no error and so Crowder is not entitled to habeas relief under AEDPA.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Mark John Crowder's Petition for Writ of Habeas Corpus By A State Prisoner, **ECF No. 1**, is **DENIED**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk's Office is directed to **ENTER JUDGMENT**.

4. The Clerk's Office is directed to **CLOSE** this file.

5. The Court certifies that the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to counsel for Petitioner.

**DATED** this 1st day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge